IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARIO GOMEZ,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>SHELBY, PRISON C/O INFANGER;<br>WARDEN BLUDWORTH; NURSE<br>McCURDY,<br><br>                    Defendants. | Cause No. CV 21-114-GF-BMM-JTJ<br><br><br><br>ORDER |

On November 16, 2021, Plaintiff Mario Gomez moved to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 alleging excessive use of force in violation of his civil rights. On December 1, 2021, he submitted an amended complaint.

## I. Motion to Proceed In Forma Pauperis

Gomez did not submit a statement of his inmate trust account statement covering the six-month period. *See* 28 U.S.C. § 1915(a)(2). The form motion he completed instructed him to do so, *see* Mot. to Proceed (Doc. 3) at 1, as did a letter written by the clerk. Gomez must obtain and submit the account statement.

1

Gomez is advised that, because he is a prisoner, he must pay the $350.00 filing fee even if his motion to proceed in forma pauperis is granted. Installment payments consisting of 20% of each month's deposits will be taken from his inmate trust account, provided the balance is at least $10.00. The total fee and the rate of withdrawal are established by Congress. The Court cannot alter them. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

## II. Screening

Because Gomez is a prisoner, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## III. Gomez's Allegations

Gomez asserts that, on October 18, 2021, around 6:00 p.m., he was handing his meal tray out through the food slot in his cell door when the correctional officer, Defendant Infanger, spilled food on himself. Gomez reports the officer

"said fuck this and sprayed me till his can was empty," stopping three times but continuing the attack. Gomez says Infanger "called me a beaner" and said he would "come in my room and beat my ass." As a result of being sprayed, Gomez contends that his arm broke out and the skin started to crack. *See* Am. Compl. (Doc. 4) at 4–5.

Gomez claims the warden "stated that I deserved what happened to me." *Id.* at 4. He accuses Infanger of "unlawful use of his OC spray" and says the attending nurse, McCurdy, "gave false statements." *Id.*

### IV. Discussion

Gomez brings suit under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Naffe v. Frey*, 789 F.3d 1030,1035–36 (9th Cir. 2015). A plaintiff must also show that each defendant's action or inaction caused or contributed to causing the alleged deprivation of his rights. *See, e.g.*, *Lacey v. Maricopa County*, 693 F.3d 890, 915–16 (9th Cir. 2012) (en banc).

The Eighth Amendment protects Gomez against cruel and unusual punishment, including the "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Infanger's alleged remarks to Gomez are

certainly offensive, but such remarks do not violate the Eighth Amendment. *See, e.g.*, *Austin v. Terhune*, 367 F.3d 1167, 1171–72 (9th Cir. 2004); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). By contrast, Gomez's allegation that Infanger pepper-sprayed him for "no reason," Am. Compl. at 5, and kept spraying until the can was empty, *see id*. at 4, fairly states a claim on which relief may be granted.

As to Defendants Bludworth and McCurdy, however, Gomez's allegations do not support an inference of liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bludworth made his statement after Infanger allegedly used excessive force against Gomez, so there is no reason to suppose Bludworth played any role in causing Infanger's action. Gomez does not allege facts supporting an inference that Bludworth was present when Infanger sprayed Gomez, but failed to stop him. He does not allege facts showing that Bludworth knew Infanger was highly likely to use his OC spray for no reason. Gomez also fails to explain what statements Defendant McCurdy made, what was false about them, why she should have known they were false, or how her false statements violated a right secured to Gomez by the Constitution.

Gomez may know of facts supporting a claim against Defendants Bludworth and/or McCurdy. He will have an opportunity to say what they are. If he does not do so, or if his allegations remain inadequate to support a claim, these Defendants will be dismissed, and the action will proceed against Defendant Infanger.

4

Accordingly, IT IS ORDERED:

1. On or before **December 31, 2021,** Gomez must submit a statement of his inmate trust account covering the period from May 16, 2021, to November 16, 2021, or the entire period he has been housed at Crossroads Correctional Center, whichever is shorter. Failure to do so will result in dismissal of this case with no further action.

2. Also on or before **December 31, 2021,** Gomez may advise the Court of any additional facts he believes to be relevant concerning Defendants Bludworth and/or McCurdy.

DATED this 9th day of December, 2021.

John Johnston
United States Magistrate Judge