IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARIO GOMEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>SHELBY, PRISON C/O INFANGER; WARDEN BLUDWORTH; NURSE McCURDY,<br><br>Defendants. | Cause No. CV 21-114-GF-BMM-JTJ<br><br>FINDINGS<br>AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On November 16, 2021, Plaintiff Mario Gomez moved to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 alleging excessive use of force in violation of his civil rights. On December 1, 2021, he submitted an amended complaint.

On December 9, 2021, the Court explained that Gomez's pleadings did not state a claim on which relief might be granted and gave him an opportunity to amend his pleadings again. He responded on December 28, 2021, by filing a supplement (Doc. 8).

1

Gomez asserts that, on October 18, 2021, around 6:00 p.m., he was handing his meal tray out through the food slot in his cell door when the correctional officer, Defendant Infanger, spilled food on himself. Gomez reports the officer "said fuck this and sprayed me till his can was empty," stopping three times but continuing the attack. Gomez says Infanger "called me a beaner" and said he would "come in my room and beat my ass." As a result of being sprayed, Gomez contends that his arm broke out and the skin started to crack. *See* Am. Compl. (Doc. 4) at 4–5.

Gomez claims the warden "stated that I deserved what happened to me." *Id*. at 4. He accuses Infanger of "unlawful use of his OC spray" and says the attending nurse, McCurdy, "gave false statements." *Id.*

After reviewing the pleadings, the Court explained that Infanger's remarks, though offensive, did not violate the Constitution. *See* Order (Doc. 5) at 3–4 (citing *Austin v. Terhune*, 367 F.3d 1167, 1171–72 (9th Cir. 2004); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996)). In addition, Gomez's claims against Defendants Bludworth and McCurdy were not supported by adequate facts. *See id*. at 4.

Gomez's supplement (Doc. 7) does not demonstrate that Bludworth said or did anything to contribute to causing Infanger's alleged actions. Similarly, Gomez does not allege facts showing that McCurdy violated his constitutional rights. He does not explain why he believes she lied to the disciplinary hearing officer rather

than making a mistake, and neither lying nor making a mistake in a hearing supports liability under 42 U.S.C. § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030,1035–36 (9th Cir. 2015), *cited in* Order (Doc. 5) at 3, 4; *cf. Briscoe v. LaHue*, 460 U.S. 325, 335–36 (1983).

Gomez's allegation concerning Infanger's use of pepper spray fairly states a claim for excessive use of force. By separate order, the Court requires an answer on that claim.

Accordingly, the Court RECOMMENDS that the District Court should DISMISS Defendants Bludworth and McCurdy and any claim based on Defendant Infanger's remarks.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Gomez may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Gomez must immediately advise the Court of any change in his mailing</u>

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 14th day of March, 2022.

/s/ John Johnston
John Johnston
United States Magistrate Judge