# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MARIO GOMEZ,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SHELBY, PRISON C/O INFANGER; WARDEN BLUDWORTH; NURSE McCURDY,<br><br>　　　　　　Defendants. | CV 21-00114-GF-BMM-JTJ<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Plaintiff Mario Gomez ("Gomez") filed a complaint under 42 U.S.C. § 1983 alleging excessive use of force in violation of his civil rights. (Doc. 4). Gomez claims that Defendant Infanger "sprayed [him] till his can was empty," in retaliation for Gomez spilling food on Infanger when Gomez was passing his food tray through the food slot in Gomez's cell door. (Doc. 4 at 4-5). Judge John Johnston issued Findings and Recommendations on March 14, 2022. (Doc. 9). Judge Johnston recommended dismissal of Defendants McCurdy and Bludworth, finding that Gomez did not support his claims against them with adequate facts. (*Id.* at 2).

1

Gomez claims Warden Bludworth "stated that I deserved what happened to me." (Doc. 4 at 4). He also alleges that the attending nurse, McCurdy, "gave false statements." (*Id.* at 3). Judge Johnston determined that Bludworth's statements, while offensive, did not violate the Constitution. (Doc. 9 at 2). Judge Johnston determined that Gomez failed to establish "why he believes [McCurdy] lied to the disciplinary hearing officer rather than making a mistake, and neither lying nor making a mistake in a hearing supports liability under 42 U.S.C. § 1983." (*Id.* at 3). Gomez filed objections to Judge Johnston's Findings and Recommendations. (Doc. 12).

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Gomez objects to dismissal of both McCurdy and Bludworth. Gomez's objection against dismissing Bludworth attempts to reargue the same claims he set forth against Bludworth in his Amended Complaint, with no additional facts or legal arguments, and the Court therefore reviews for clear error. The Court finds no error in Judge Johnston's analysis.

Gomez's objection against dismissing McCurdy as a defendant adds several new allegations against her. Gomez asserted in the Supplement to his Amended Complaint that McCurdy was present when Infanger pepper sprayed him. (Doc. 7 at 1). He now asserts that McCurdy told Infanger to pepper spray Gomez and that she refused him medical care following the incident. (Doc. 12 at 3). These new factual allegations may be relevant to whether Plaintiff is able to state a § 1983 claim against Nurse McCurdy. Gomez's complaint must be complete in itself, however, and factual allegations in Gomez's objections cannot be considered when evaluating whether he has stated any legal claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("a *complaint* must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (emphasis added) (internal citation omitted); *see also Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (holding

3

that raising factual allegations for the first time in a response to summary judgment proves insufficient to present a claim).

The Court should freely give leave to the Plaintiff to amend his Complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court will grant Gomez the opportunity to amend his complaint a second time, to provide the Court with more details regarding McCurdy's role in the pepper spray incident. Gomez should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court further advises Gomez that an amended complaint supersedes the original complaint, therefore Gomez's Second Amended Complaint must be complete in itself, without reference to any prior or superseded pleading. *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc).

Accordingly, **IT IS ORDERED** that:

1. Judge Johnston's Findings and Recommendations (Doc. 9) are **ADOPTED IN PART** and **REVERSED IN PART**.

2. Defendant Bludworth and any claims based on Defendant Infanger's remarks are **DISMISSED.**

3. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

   a. File a Second Amended Complaint; or

   b. Notify the Court in writing that he wants to stand on this complaint, resulting in the dismissal of Defendant McCurdy.

4. At all times during the pendency of this matter, Gomez must keep the court apprised of any changes of address. Failure to do so may result in dismissal pursuant to Fed. R. Civ. P. 41.

   **DATED** this 18th day of April, 2022.

   _____
   Brian Morris, Chief District Judge
   United States District Court